Mr. Justice STRONG
 

 delivered the opinion of the court.
 

 The only question presented by this appeal is whether the reissued patent has been infringed by the defendants.' To a correct determination of this question it is indispensable to understand precisely what the patent covers.
 

 The mechanism described in the specification is not claimed to be a complete elothes-wringer. It is rather a-device for suspending a wringer over a common wash-tub, a portable frame which may bo attached to one side of the tub, and detached at pleasure. In the description of the drawings accompanying' the specification, and a part thereof, it Js called a frame for supporting the wringing mechanism of the machine as attached to one side of a common wash-tub by means of ¿1 clamping device, and the first part of the invention is said to consist of a portable' machine which may be temporarily attached to one side of a common wash-tub or readily disconnected therefrom whenever desired, and is especially adapted to wringing clothes.
 

 The second part of the invention, as described in the specification, consists in a portable frame employed for supporting
 
 *350
 
 the wringing mechanism of the machine upon one side of a common wash-tub by means of a clamping device, which is made to gripe one side of a wash-tub for the purpose of attaching and sustaining temporarily the entire wringing mechanism of the machine in a firm and expeditious manner, regardless of the diameter of the tub. Such is the language of the patentee. The specification then refers to the drawings, in which what is called the first part of the invention is represented as “ a yoke whose inner margin is of a U form, the sides of which extend upward, forming uprights.” From the lower end of the yoke extend two jaws, one of which contains within a dovetail groove a wedge or key whose exposed side is made slightly concave. The office of the jaws and wedge is to hold the above-described frame or yoke for supporting the wringing mechanism of the machine in position for use on one side of a common wash-tub, in a permanent manner, temporarily, regardless of the diameter of the tub, or the thickness of its rim, in reference to which service they are termed collectively, the “vise.” Then follow the claims of the patent, the first of which is “ the employment of a portable frame or yoke 33 (which'in the drawings is represented as a U-shaped upright frame), with uprights, S, S' (the sides of the yoke), or their equivalents, for supporting a clothes-wringing mechanism in position on one side of a common wash-tub, for the purposes set forth!”
 

 The second claim is “the application' of an adjustable clampiug device, when employed to attach a clothes-wringer to-one side only of a wash-tub, substantially in the manner described and for the purposes set forth.”
 

 Regarding these two claims as descriptive of two distinct things, the first must refer to the U-shaped yoke or frame’ for supporting a wringing-machine, as exhibited j- *he drawings, and explained in the specification,-and the second to a. combination of the yoke with a clamping cfsvice, when employed to hold a clqthes-wringer-t'6 the side of a tub. It need hardly be said that the claims are to be construed with reference to the state of the art at the time when the alleged invention was made.. The case shows that clothes-wringers
 
 *351
 
 of many kinds were known and in use before the original patent was granted to Sergeant. These all had frames for holding them in position, some attached permanently to the wash-tub and others detachable. Their prior existence is recognized in this patentee’s specification. Clamping devices of many varieties were also old and well-known means of fastening machines or Supports for machines to chairs, •benches, pdatforms, tables, and other articles. Apple-paring machines, coffee-grinders, thread-reels, and smith and carpenters’ vises had been supported and held in position by devices like in principle to the clamping arrangement described in- the complainants’ patent. And it is in proof that letters-patent for a washing-machine were granted to II. W. Sabin, on the 16th of August, 1845, in which a clamping device for attaching the support of a wringing-machine to the side of a tub, and in combination with the support was employed; a device consisting of jaws at the lovyer extremity of the support, with a screw for compression, identical in principle with that claimed by the complainants. It is very obvious, therefore, if their patent can be sustained at all, it cannot be construed as claiming
 
 all
 
 forms of a portable frame or support for a washing-machine, .nor a combination of a clamping device with
 
 any and every
 
 kind of such support or frame.
 

 It may well be doubted whether a frame with no distinctive peculiarities, intended for the support of a wringing-machine and sufficient foy such a use, though so constructed as to be capable of being attached by projecting jaws to the top of a wash-tub, could be regarded as patentable. Such a mode of attachment has been known and employed time out of mind, and if, before the Sergeant patent was granted, it had not been used in connection with, or as part of a frame or standard for the support of a wringing-machine, the new application, without any novel and useful result, could hardly be considered invention. It would be but a case of double use. Besides, to this extent the Sabin machine had reached years before the Sergeant patent was granted, and, therefore, unless the complainants’ patent is limited to some
 
 *352
 
 distinctive features other than the jaws at the bottom of the yoke or frame, it must fail for want of novelty if not for-want of invention. And this ive do not understand to be seriously questioned. We do not understand the complainants as contending that either of the claims of their patent' should not be construed as embracing only the peculiarly constructed frame or yoke described in the specification.
 

 What, then, are the distinctive features of the frame, and what are the proposed offices of these features ? Manifestly’ the thing sought to be secured by the peculiarity of form described was not merely a support for a wringing-machine, not merely a standard to hold the machine in position, but a manner of support. And beyond all doubt the U form of the frame is essential. Indeed, it is the only form exhibited, in the drawings and described in the specification. The purpose of the frame is also avowed to be to support the clothes-wringer, and the frame exhibits no means of support except the semicircular bottom of the U, which forms a journal bearer, on which the journal of the wringer may rest, while the uprights serve to keep it in position. By themselves the uprights serve no other purpose, and they are no more essential than is the curvilinear space between them, the bottom of the IT in the interior of the yoke. It is' true a clothes-wringer might be attached to them by the aid of additional devices, but no such devices are disclosed in the drawings or in the specification, and had they been added the frame would have been substantially different from the one patented. It would have been capable of a new use. Equally well could additional devices have fitted the Sabin standard for use iu a manner different from that in which, it was employed.
 

 Discarding, then, the jaws and the. wedge, or other clamping device, as neither*, patentable by themselves nor patentable in combiuatiqn with a wringing-machine supporter, or frame,'in view of the sf;ate of the art when this patent was issued, uuless' the structure of the frame was such as to obtain a novel and useful result, it becomes evident that the .shape of the frame must be regarded as one of its most xm
 
 *353
 
 portant elements. And if this be so, the novelty of the frame does not consist in its having two uprights standing apart from each other without regal’d to the figure of the intervening space. As we have seen, if the semicircular shape of what in the specification' is called the inner margin of the-yoke, that is, of the space, between the uprights, is not a •necessai’y constituent, the yoke cannot accomplish the results claimed for it, and no manner of support for a wringer is exhibited. Surely a frame shaped like an inverted M (pj), though it would have two uprights separated by a space and connected at the bottom, would.be essentially different from ■that claimed in this patent, because incapable of the same use. • It could not support a clothes-wringer in the manner described in the drawings annexed to the patent. A space bounded by right lines is not substantially the same as one bounded by a curve, and unless,we throw out of the specification and the claims all that is said respecting, the configuration of the interval between the uprights, we must hold that the defendants, in the use óf their device, have not been guilty of any infringement of the complainants’, rights. They have used a, portable support for a wriugiug mechanism which has- some of the features of that of the complainants, b.ut it has not the- IT-formed yoke, which is essential to the patented combination.
 

 ■ Decree affirmed.
 

 This case was argued before the CHIEF JUSTICE took, his seaty and he did not participate in the judgment.